HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PUGET SOUNDKEEPER ALLIANCE,

Plaintiff,

v.

PIERCE COUNTY RECYCLING COMPOSTING AND DISPOSAL, LLC d/b/a LRI and WASTE CONNECTIONS OF WASHINGTON, INC,

Defendant.

No. 3:17-cv-05731-BHS

PLAINTIFF'S MOTION TO COMPEL DISCOVERY

NOTE ON MOTION CALENDAR:

December 28, 2018

## I. MOTION

Plaintiff Puget Soundkeeper Alliance ("Soundkeeper") respectfully moves under Rule 37(a) for an order requiring defendants Pierce County Recycling Composing and Disposal LLC ("LRI") and Waste Connections of Washington, Inc. ("WCWA") (collectively "Defendants") to produce documents. Soundkeeper further requests its reasonable costs for making this motion, as provided for in Rule 37(a)(5).

## II. INTRODUCTION & FACT SUMMARY

This case is a Clean Water Act ("CWA") citizen suit under 33 U.S.C. § 1365 in which Soundkeeper alleges that LRI violated the CWA, 33 U.S.C. § 1311(a). Specifically, Soundkeeper alleges three causes of action against LRI: (1) violation of its National Pollutant Discharge Elimination System ("NPDES") permit issued under Section 402, 33 U.S.C. § 1342,

authorizing discharges of industrial stormwater; (2) violations of its NPDES permit authorizing discharges of construction stormwater; and (3) unpermitted discharges of landfill leachate and other pollutants and wastewater that is not allowed by either of the landfill's NPDES permits. Complaint (ECF 1). The landfill in question is located at 30919 Meridian E., Graham, WA 98338 (the "Facility").

Soundkeeper seeks declaratory and injunctive relief, the imposition of civil penalties, and recovery of litigation expenses. ECF 1. Civil penalties are mandatory for violations of the CWA. *Natural Res. Def. Council v. Sw. Marine, Inc.*, 236 F.3d 985, 1001 (9th Cir. 2000). The amount of the penalty is in the discretion of the Court and determined with reference to the statutory penalty factors listed at 33 U.S.C. § 1319(d). These penalty factors include: the history of the violations, the seriousness of the violations, the impact of the penalty on the violator, and the economic benefit the violator has enjoyed because of its violations. *Id.*

This is a motion to compel the production of documents responsive to Soundkeeper's interrogatories and requests for production sent to Defendants on June 29, 2018. *Brennan Decl.* Exhibit A (requests to LRI), Exhibit B (requests to WCWA). Soundkeeper agreed to extend the deadline for Defendants' responses to its June 29, 2018 discovery requests by 30 days and to accept document production on a rolling basis. *Brennan Decl.* ¶ 5.

In exchange, Soundkeeper requested that LRI stipulate to a protective order in advance to head off any objections it might otherwise raise that could be resolved by a protective order (e.g., that Soundkeeper's requests called for sensitive business or financial information). *Brennan Decl.* ¶ 5, Exhibit C. *See also* ECF 20 ¶ 1 (stipulating that "Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted.").

LRI and WCWA agreed and the Court entered the parties' joint stipulation and protective order for "the following documents and tangible things produced or otherwise exchanged: non-public confidential financial information, including audit reports, financial data and information underlying all non-public audits and reporting, balance sheets, bookkeeping information, and other internal financial data; and competitively sensitive proprietary information including customer lists, customer contact information, internal organizational charts and information, employee information, and sales records." ECF 20, ¶ 2.

LRI and WCWA sent responses and objection to Soundkeeper's June 29, 2018 requests on September 4, 2018. *Brennan Decl.* ¶ 7, Exhibits D, E. LRI and WCWA did not produce any documents in response to Soundkeeper's requests until September 7, 2018. *Brennan Decl.,* ¶ 8.

Soundkeeper requested a discovery dispute conference via letter on October 26, 2018, notifying LRI that many of their responses did not meet the requirements of the Federal Rules of Civil Procedure. *Brennan Decl.* ¶ 9. The parties met and conferred telephonically twice: first on November 13, 2018 and again on November 15, 2018. *Id*. ¶ 10. LRI and WCWA agreed to get back to Soundkeeper regarding most items in dispute. *Id*. ¶ 11. LRI also agreed to send Soundkeeper the next installment of documents in their rolling production by the end of November. *Id*.

Soundkeeper requested that LRI and WCWA respond with its positions on the discovery disputes discussed during the parties' two dispute conferences on multiple occasions including November 29, 2018, and December 7, 2018. *Id*. ¶ 13. LRI produced a small quantity (593) of documents on December, 7, 2018. *Id*. ¶ 14. To date, LRI has not responded substantively to these disputes and has not produced documents in the categories described below. *Id*. ¶ 15.

## III. ARGUMENT

### A. Legal Background

Parties are entitled to "discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Relevant information for purposes of discovery is information 'reasonably calculated to lead to the discovery of admissible evidence.'" *Surfvivor Media, Inc. v. Survivor Productions*, 406 F.3d 625, 635 (9th Cir. 2005) (internal citations omitted); Fed. R. Civ. P. 26(b)(1); *and see* Fed. R. Evid. 401 (evidence is relevant if "it has *any tendency* to make a fact [of consequence] more or less probable than it would be without the evidence" (emphasis added)). Pre-trial discovery is to be accorded broad and liberal treatment. *See, e.g., Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993).

LRC 37(a)(1) provides that if the court finds that a counsel for any party failed to respond on a timely basis to a request to confer, the court may take action. *See, e.g., Hoglund v. Sher-Ber, Inc.*, No. C08-0267RSL, 2008 U.S. Dist. LEXIS 106184 (W.D. Wash. Dec. 31, 2008) (granting motion to compel after counsel failed to respond to multiple attempts to discuss the issue, sanctioning counsel for failure to confer in good faith and unreasonably and vexatiously increasing costs of litigation).

Federal Rule of Civil Procedure 37(a)(5)(A) states that if a motion to compel is granted, or if the disclosure was made after the motion was filed, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."

Soundkeeper requests this Court compel LRI to produce the below-described documents which LRI is withholding solely based on meritless relevance objections.

**1. The documents and information dated prior to the statute of limitations date that Soundkeeper seeks are relevant.**

LRI refuses to produce multiple categories of responsive documents dated before September 12, 2012, arguing that documents created prior to the statute of limitations date in this case are per se irrelevant. As an initial matter, the statute of limitations in this case extends to July 13, 2012, because the CWA's five year statute of limitations is tolled sixty days prior to filing the complaint to accommodate the pre-suit notice period. *Sierra Club v. Chevron U.S.A., Inc.*, 834 F.2d 1517, 1524 (9th Cir. 1987); ECF No. 1 (complaint filed September 11, 2017).

Moreover, LRI's refusal deprives Soundkeeper of many categories of documents that are relevant to Soundkeeper's claims regarding violations within the statute of limitations, as well as the appropriate injunctive relief and the "history of violations" penalty factor which looks beyond the statute of limitations. ECF 1 ¶¶ 1, 34, 35, 36, 37, pages 14, 33; 33 U.S.C. § 1319(d). For example, LRI's correspondence with Ecology prior to September 12, 2012 and LRI's original applications for CWA permit coverage are relevant to Soundkeeper's claims that LRI is not sampling its discharges at the correct location, the reasoning for why the sampling location changed over time. *Brennan Decl.* ¶ 11, Exhibit A, Soundkeeper Request for Production to LRI No. 35. Tellingly, LRI has selectively produced documents predating September 12, 2012 to support its defense that Ecology told LRI where to sample while claiming Soundkeeper's request for the documents submitted by LRI to Ecology on the same issue are not relevant. *Brennan Decl.* ¶ 11.

Other categories of documents predating September 12, 2012 are relevant to LRI's liability for violations within the statute of limitations period and appropriate relief. For example, landfill design documents and as-built drawings, which necessarily predate September 12, 2012 (most of the landfill was constructed earlier) are relevant to Soundkeeper's assertion

that the landfill's design and construction is a cause of the repeated landfill leachate seeps, leaks, and blowouts at the facility that lead to illegal discharges. *See* ECF 1 ¶¶ 4, 23, 29, 36, 47, pages 8, 19-25, 28, 32. Soundkeeper's expert needs to review these documents to better identify the cause of the illicit discharges and opine on appropriate injunctive relief to stop these illicit discharges.  See ECF No. 1 ¶ 1, page 14. Similarly, Soundkeeper alleges that Defendants' best management practices ("BMPs") for controlling pollution are inadequate and that Defendants should pay a significant penalty in part because they have a history of such violations. *See* ECF No. 1 ¶¶ 1, 34, 35, 36, 37, pages 14, 33; 33 U.S.C. § 1319(d) (penalty factors). To understand what the BMPs and design were during the statute of limitations period, and to assess the history of violations, Soundkeeper needs information as to what structures existed onsite as of July 13, 2012, which necessarily includes information and documents that predate July 13, 2012.

Soundkeeper respectfully requests that the Court order LRI to produce documents that are responsive to Soundkeeper's requests for production to LRI No. 32 and 46 notwithstanding its objection that documents dated prior to September 12, 2012 are irrelevant.

**2.     Information regarding pollution controls at other WCWA industrial facilities is relevant.**

WCWA refuses to produce information regarding BMPs it uses at its other landfill and waste facilities in Washington to control water pollution on the basis of relevance. However, BMPs at other facilities owned and operated by defendants are relevant to Soundkeeper's claims that defendants have not implemented all known available and reasonable pollution control technologies (AKART) at this Facility, as required by the CWA permits. NPDES ISGP Permit Condition S3.A.2, *Brennan Decl*. Ex. H. Such information is also relevant to Soundkeeper's claim that a significant penalty should be imposed because defendants have failed to employ their best efforts to comply with the CWA at this Facility. See ECF 1 pp. 19, 28; 33 U.S.C. §

1319(d) (setting out penalty factors, including good-faith efforts to comply); *Brennan Decl.* Ex. E, WCWA Response to Interrogatory No. 7. Certainly, if defendants implement better technology at their other nearby landfill facilities that will be relevant to what is reasonable and should be required at this landfill Facility. WCWA's refusal to produce this information based on its relevance objection lacks merit. Soundkeeper respectfully requests that the Court order WCWA to produce information response to Interrogatory No. 7 notwithstanding its objection that such documents are irrelevant.

**3. Documentation of polluted wastewater and sources of PCB contamination in the discharges at the Facility is patently relevant.**

LRI has not agreed to produce any documentation of pollutant sampling conducted at the Facility other than those it collects for its stormwater permits, objecting on the basis of relevance. *Brennan Decl.*, Ex. D, LRI Responses to Requests for Production 18, 19, 34; Ex. E., WCWA Response to Request for Production 19. LRI's failure to produce these records deprives Soundkeeper of information that is directly relevant to its claims. Soundkeeper has alleged illicit and unpermitted discharges, in addition to discharges of stormwater polluted in concentrations exceeding those allowed under the Clean Water Act. *See, e.g.*, ECF 1 ¶ 7, 15, 21, 22, 23, 29, 41, 46 pages 18, 32. Documentation of pollutants sampled at the Facility are directly relevant to pollution of stormwater discharge occurring at the Facility.

Soundkeeper requested records of discharges to the Facility's stormwater system. *Brennan Decl.*, Ex. D, LRI Responses to Requests for Production 18, 34. LRI's response limited its production to records of samples taken at its regular sampling point (which Soundkeeper alleges to not be representative, in violation of the Clean Water Act),[1] depriving Soundkeeper of

[1] See ECF No. 1 paragraph 23, page 22, page 30

any records from upstream, including where Soundkeeper believes to be the representative sampling point. *Brennan Decl.*, Ex. D, LRI Responses to Requests for Production 18.

Soundkeeper also requested records related to PCB monitoring of any media present at the Facility. *Brennan Decl.*, Ex. D, LRI Responses to Requests for Production 19. LRI objected to producing these documents on the basis of relevance. *Id.* PCBs are highly toxic pollutants which Soundkeeper alleges LRI discharges in violation of the Clean Water Act. See ECF 1 ¶ 22, 41, 46, pages 18, 32. PCB monitoring records are directly relevant to Soundkeeper's claim of illegal PCB discharges.

LRI likewise objected to Soundkeeper's request for records regarding leachate spills on the basis of relevance. *Brennan Decl.*, Ex. E, WCWA Responses to Requests for Production 19, *Brennan Decl.*, Ex. D, LRI Responses to Requests for Production 34. Leachate is among the pollutants Soundkeeper alleges, and ceasing illegal discharges is among the injunctive relief Soundkeeper seeks, making such records patently relevant to Soundkeeper's claims. ECF 1 ¶¶ 1, 15, 46, page 14, 24, 32.  For example, records relating to each leachate spill or discharge to the stormwater system are relevant to Soundkeeper's expert's assessment of the causes of the repeated leachate spills and recommendation of injunctive relief to prevent future leachate discharges. *Brennan Decl.* ¶ 12.  Such documents are also directly relevant to the history of such illicit discharges and the seriousness of these violations (i.e., their impact on water quality as determined by their frequency, duration, toxicity, and nature), which are statutory penalty factors. 33 U.S.C. § 1319(d). Again, Soundkeeper has alleged LRI and WCWA should be liable for significant penalties. ECF No. 1 ¶¶ 1, 34, 35, 36, 37, pages 14, 33.

Soundkeeper explained all of this to LRI and WCWA weeks ago but LRI and WCWA have not responded substantively or agreed to supplement its responses with the improperly

withheld information. *Brennan Decl.* ¶ 15. Soundkeeper respectfully requests that the Court order LRI to produce documents responsive to requests for production 18, 19, 34 and WCWA to produce documents responsive to Request for Production 19, notwithstanding its objection that such documents are irrelevant.

**4. Soundkeeper is entitled to discovery of information relating to the construction of the Facility generating the discharges in question.**

LRI has refused to produce construction-related information for the Facility, again based on relevance objections. *Brennan Decl.*, Ex. D, LRI responses to Interrogatory No. 8, Request for Production No. 46. The design and construction of the LRI landfill is relevant to Soundkeeper's expert's testimony that faulty design and/or construction of the landfill and its leachate system is the root cause of the repeated leachate seeps, leaks, and blow-outs causing illicit discharges of landfill leachate. See ECF 1 ¶15, 46, 47, pp. 21, 24, 32. Documents pertaining to the construction of the Facility directly inform Soundkeeper's claims that leachate has and will continue to discharge from the Facility. Weeks ago, counsel for LRI stated they would confer internally about producing these documents but they have failed to substantively respond or even provide a date by which they would do so. *Brennan Decl.*, ¶ 11, 15. Soundkeeper respectfully requests the court order LRI to produce information responsive to Soundkeeper's Interrogatory No. 8 and documents responsive to Soundkeeper's Request for Production No. 46, notwithstanding LRI's objection as to relevance.

**5. Soundkeeper is entitled to discovery of communications with regulators.**

WCWA has agreed to supplement its incomplete responses to requests for communication with regulators, but has not committed to a time frame for doing so. *Brennan Decl.* ¶11 , Ex. E, WCWA Response to Interrogatory No. 1.

LRI has refused to agree to produce documents concerning communications with regulatory agencies concerning the Facility, with the exception of communications relating to its two stormwater discharge permits and select other communications on which defendants rely for their defenses. *Brennan Decl.* ¶11, Ex. D, LRI response to Request for Production 38. LRI's objection that communications with regulators outside of the Department of Ecology's stormwater permit program are irrelevant is directly contradicted by LRI's own arguments that this lawsuit implicates multiple regulatory agencies and several different sections of Ecology. ECF 21 pp. 1. Indeed, communications between LRI and regulatory agencies beyond those directly related to its two CWA permits are relevant to a number of Soundkeeper's claims. For example, Soundkeeper's complaint explicitly alleges that Defendants have cause violations of water quality standards based on Tacoma/Pierce County Health Department samples. ECF 1 pp. 18-19.

LRI has likewise refused to produce documents to identify enforcement actions taken against LRI concerning environmental compliance, on the basis of relevance. . *Brennan Decl.*, Ex. D, LRI response to Request for Production No. 39. Soundkeeper has alleged LRI is liable for significant penalties. ECF 1 ¶¶ 1, 34, 35, 36, 37, pages 14, 33. Records of environmental violations are relevant to Soundkeeper's claims for penalties because they show a history of violations. 33 U.S.C. § 1319(d).

Soundkeeper respectfully requests the court to compel WCWA to supplement its response to Interrogatory No. 1 within ten (10) days of the Court's order and LRI to produce documents responsive to Soundkeeper's Request for Production Nos. 38 and 39.

**6. Soundkeeper is entitled to discovery of financial documents related to this Facility and management of LRI.**

Defendants have refused to produce financial documents on the basis of relevance. *Brennan Decl.*, Ex. D, LRI responses to Requests for Production 22, 23, 24, 26; *Brennan Decl.* Ex. E, WCWA response to Interrogatory No. 6, Request for Production 14.

The financial information and records Soundkeeper requested are relevant to its claims regarding penalty, such as the economic impact of the penalty on the violator and the economic benefit resulting from the violation, and defendant's ability to pay the penalty. 33 U.S.C. § 1319(d). The relevance of financial documents to Clean Water Act cases is settled law. *See, e.g.*, *Re Sources for Sustainable Communities v. Pacific International Terminals, Inc.*, No. C11-2076-JCC, 2013 U.S. Dist. LEXIS 189460 at *5 (W.D. Wash. Jan. 8, 2013) ("There can be no question that Defendant's financial condition, as well as that of its parents, is 'relevant' to calculating a civil penalty using the factors contained in 33 U.S.C. § 1319(d)."); *Santa Monica Baykeeper v. Kramer Metals, Inc.*, No. CV 07-3849 DDP, 2009 U.S. Dist. LEXIS 69130, at * 7-12 (C.D. Cal. Fed. 27, 2009) (finding defendant's financial information is "clearly relevant" in a CWA citizen suit and ordering disclosure); *Waste Action Project v. Draper Valley Holdings LLC*, No. 2:12-cv-01870-RSL, ECF 35 (W.D. Wash. Jan. 23, 2014) (ordering disclosure of CWA defendant's parent company's audited financial statements and tax returns); *Idaho Conservation League v. Atlanta Gold Corp.*, 879 F. Supp. 2d 1148, 1167 (D. Idaho 2012) (the assertion that a parent corporation's assets cannot be considered in assessing a penalty is contrary to every case of which this Court is aware; *United States v. Municipal Authority of Union Pt.*, 150 F.3d 259 (3rd Cir. 1998) (holding that the assets of a parent corporation can be used to assess the economic impact of a penalty on a violator); *cf. Adams v. Teck Cominco Alaska Inc.*, 399 F.Supp.2d 1031 (D. Alaska 2005) (assets of parent may be considered as one factor when assessing defendant's

ability to pay, though not when assessing economic benefit); *United States v. Allegheny Ludlum Corp.*, 187 F.Supp.2d 426, 445-46 (W.D. Pa. 2002); *United States v. The Mun. Auth. of Union Twp.*, 150 F.3d 259, 268 (3rd Cir. 1998); *PIRG v. Powell Duffryn Terminals, Inc.*, 720 F.Supp. 1158, 1166 (D. N.J. 1989).

Defendants implicitly acknowledged that their financial records are relevant when they stipulated to a protective agreement in anticipation of producing these very kinds of documents. ECF No. 20, ¶ 1-2 (stipulating that "Discovery in this action is likely to involve production of confidential, proprietary, or private information" including "non-public confidential financial information, including audit reports, financial data and information underlying all non-public audits and reporting, balance sheets, bookkeeping information, and other internal financial data; and competitively sensitive proprietary information including customer lists, customer contact information, internal organizational charts and information, employee information, and sales records."). *See also Brennan Decl.*, Ex. C (Defendants' counsel stating "it makes sense to stipulate to a protective order now so we are prepared to produce when the time comes.").

Soundkeeper respectfully requests the Court to order LRI to produce documents responsive to Soundkeeper's Requests for Production No. 22, 23, 24, and 26; and WCWA to produce information responsive to Soundkeeper's Interrogatory No. 6 and documents responsive to Soundkeeper's Request for Production 14.

**CONCLUSION**

For the foregoing reasons, Soundkeeper respectfully requests that the Court enter an order compelling LRI to produce the above-described documents it has withheld on the basis of a meritless relevance objection within one month.

RESPECTFULLY SUBMITTED this 13th day of December, 2018.

SMITH & LOWNEY, PLLC

By: [signature]
Richard Smith, WSBA No. 21788
Claire E. Tonry, WSBA No. 44497
Katherine E. Brennan, WSBA No. 51247
Attorneys for Plaintiff Puget Soundkeeper Alliance
2317 E. John St.
Seattle, WA 98112
Tel: (206) 860-2883, Fax: (206) 860-4187
E-mail: claire@smithandlowney.com,
katherine@smithandlowney.com
richard@smithandlowney.com