UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PUGET SOUNDKEEPER ALLIANCE, <br><br> Plaintiff, <br><br> v. <br><br> PIERCE COUNTY RECYCLING, COMPOSTING AND DISPOSAL, LLC, d/b/a LRI; and WASTE CONNECTIONS OF WASHINGTON, INC., <br><br> Defendants. | CASE NO. C17-5731 BHS <br><br> ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO CONTINUE TRIAL AND STAY, GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL, AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO COMPEL |

This matter comes before the Court on Defendants Pierce County Recycling, Composting and Disposal, LLC, d/b/a LRI and Waste Connections of Washington, Inc.'s ("Defendants") motion to continue trial and stay proceedings, Dkt. 21, and Plaintiff Puget Soundkeeper Alliance's ("Soundkeeper") motions to compel, Dkts. 23, 35. The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby rules as follows:

# I. PROCEDURAL HISTORY

On September 11, 2018, Soundkeeper filed a complaint against Defendants alleging "repeated and ongoing violations of Sections 301(a) and 402 of the [Clean Water Act ("CWA")], 33 U.S.C. §§ 1311(a) and 1342, and the terms and conditions of National Pollutant Discharge Elimination System ("NPDES") permits authorizing discharges of pollutants from Defendants' Graham, Washington, landfill facility to navigable waters." Dkt. 1, ¶ 1. Soundkeeper asserts three causes of action as follows: (1) Industrial Stormwater General Permit Violations; (2) Construction Stormwater General Permit Violations; and (3) Unpermitted Discharge. *Id.*, ¶¶ 39–47.

On November 8, 2018, Defendants filed a motion to continue trial and stay proceedings, Dkt. 21, and Soundkeeper filed a motion to compel, Dkt. 23. On November 19, 2018, the parties responded. Dkts. 26, 30. On November 23, 2018, the parties replied. Dkts. 32, 34. On December 13, 2018, Soundkeeper filed a second motion to compel. Dkt. 35. On December 24, 2018, Defendants responded. Dkt. 37. On December 28, 2018, Soundkeeper replied. Dkt. 39.

# II. FACTUAL BACKGROUND

The Court will only provide a summary of the facts and allegations relevant to the pending motions. Regarding the motion to stay, it is undisputed that Defendants, at least LRI, has been subjected to multiple conflicting permits from various monitoring agencies. Dkt. 21 at 3–5, ¶¶ 1–7. On July 10, 2017, Soundkeeper provided Defendants with a notice of intent to sue letter alleging numerous violations of the CWA. Dkt. 1 at 16–33. Soundkeeper alleges Defendants illegally discharge pollutants into

| | |
|---|---|
| 1 | Muck Creek (also known as South Creek), an unnamed pond and tributary to Muck (South) Creek located between the northeast corner of the facility landfill and Muck (South) Creek, unnamed wetlands adjacent to and surrounding the facility, and unnamed wetlands that are adjacent to Muck (South) Creek, including mitigation wetlands constructed by LRI. |

*Id.* at 17.

At some point prior to June 2018, Defendants contacted the Washington Department of Ecology ("Ecology") seeking resolution of some uncertainty regarding two of its NPDES permits. On October 28, 2018, Ecology sent LRI a letter stating that these parties have engaged in "productive discussions . . . regarding regulatory issues at [LRI's] landfill." Dkt. 22-1, at 2. The letter also provides as follows:

> Ecology is committed to working with LRI towards an Agreed Order to address stormwater management and compliance with its [NPDES permits]. That Order will likely require changes to the permits' monitoring sites to reflect the regulatory status of the wetland and the nature of the ongoing clearing and cell opening construction activities. The current monitoring site (NEB-2) will need to be relocated. We also expect LRI will be required to prepare engineering designs and reports for Ecology's review and approval that will specify how the stormwater treatment system will meet permit benchmarks and discharge limits. The designs should also include revised best management practices and possibly new infrastructure to ensure potential leachage seeps are kept separate from stormwater discharges.

*Id.* at 3.

Regarding the motions to compel, Soundkeeper seeks entry upon Defendants' land to collect certain samples and seeks production of documents.

## III. DISCUSSION

**A.     Motion to Stay**

"A district court has discretionary power to stay proceedings in its own court under *Landis v. North American Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936)." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). "A district court may stay proceedings pending resolution of independent proceedings which bear upon the case, whether those proceedings are judicial, administrative, or arbitral in character." *Pub. Employees for Envtl. Responsibility v. U.S. Dep't of Navy*, C08-5552BHS, 2009 WL 2163215, at *9 (W.D. Wash. July 17, 2009) (citing *Mediterranean Enterprises, Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983)).

In this case, the Court finds that a stay is warranted pending resolution of the Agreed Order with Ecology. Defendants' continuing effort to work with Ecology bears upon the alleged violations of the NPDES permits in Soundkeeper's complaint. Moreover, a stay would conserve the parties' and the Court's resources by ensuring that the Court does not rule on discovery or dispositive issues that may become moot. Therefore, the Court grants Defendants' motion to stay as to the majority of activities in this matter. As set forth below, the Court will permit ongoing sampling on Defendants' land.

**B.     Motions to Compel Entry**

Soundkeeper moves to compel entry upon Defendants' land to secure water and soil samples and requests sanctions for Defendants' prior objections during a scheduled site visit. Dkt. 23. Defendants oppose the motion on three grounds as follows: (1)

Soundkeeper's discharge monitoring should be limited to permit parameters; (2) soil samples are irrelevant to Soundkeeper's claims; and (3) even if samples are warranted, sanctions are not warranted. Dkt. 26. First, the Court agrees with Soundkeeper that the requested samples at locations other than those authorized by the NPDES permits may be relevant to Soundkeeper's claim for unpermitted discharges. Thus, the Court rejects Defendants' arguments to limit discovery in this matter to the contours of the NPDES permit.

Second, Defendants have failed to show that Soundkeeper's requested samples are irrelevant. Defendants contend that the area is question was specifically constructed to receive specific discharges. Dkt. 26 at 6–7. If this is true, which appears to be a matter for a dispositive motion, then it appears that the samples would be irrelevant. At this time, however, Defendants have failed to show that the requested samples are wholly irrelevant to every claim in the complaint. Thus, Soundkeeper should be allowed to enter the premises and collect samples.

Finally, the Court agrees with Defendants that sanctions are unwarranted. The Court finds that Defendants' objections were substantially justified given the permitting morass of the situation and the potentially irrelevant nature of Soundkeeper's requested samples.

In sum, the parties shall meet and confer to determine a reasonable schedule for entry and sampling. This is the sole activity that will not be stayed.

**C.    Motion to Compel Documents**

Soundkeeper moves to compel Defendants to produce certain documents. Dkt. 35. Unlike the previous motion that pertains to evidence that is time sensitive, the production of documents may adequately occur when and if the stay is lifted. Therefore, the Court denies Soundkeeper's motion without prejudice.

## IV.  ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion to continue trial and stay proceedings, Dkt. 21, is **GRANTED in part** and **DENIED in part** as to entry upon Defendants' land to collect samples during the stay. The Clerk shall administratively close this case. The parties are directed to file a status report no later than May 31, 2019.

Soundkeeper's motion to compel, Dkt. 23, is **GRANTED in part** and **DENIED in part**. Soundkeeper may enter Defendants' land to collect the requested samples. Sanctions, however, are not warranted.

Soundkeeper's motion to compel, Dkt. 35, is **DENIED without prejudice** and may be renoted if necessary once the stay is lifted.

Dated this 31st day of January, 2019.

BENJAMIN H. SETTLE
United States District Judge